UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Thomas Muller,<br><br>                                  Plaintiff,<br><br>                -v-<br><br>NYC Motorcars of Freeport Corp. and Teachers Federal Credit Union,<br><br>                                Defendants. | 2:20-cv-1497<br>(NJC) (LGD) |

## **MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

This action concerns claims by Plaintiff Thomas Muller ("Muller") against Defendants NYC Motorcars of Freeport Corp. ("Motorcars") and Teachers Federal Credit Union ("TFCU," together, "Defendants") under New York statutes and the common law and against TFCU under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and its implementing regulations, 12 C.F.R. § 1026 *et seq.* ("Regulation Z"). (*See generally*, Am. Compl., ECF No. 12.) Motorcars answered the Amended Complaint. (Answer, ECF No. 21.) TFCU filed crossclaims against Motorcars, and Motorcars answered the crossclaims. (Answer to Am. Compl. & Crosscls., ECF No. 20 ("Crosscls."); Answer to Crosscls., ECF No. 22.) TFCU now moves to strike Motorcars' Answer to TFCU's Crossclaims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Mot., ECF No. 81.) For the following reasons, the Court grants the Motion to Strike Motorcars' Answer to TFCU's Crossclaims and sua sponte strikes Motorcars' Answer to the Amended Complaint.

**BACKGROUND**

This action arises out of Muller's alleged purchase from Motorcars of a 2016 Ford Explorer XLT. (Am. Compl. ¶¶ 1, 12.) Muller alleges that he agreed to purchase the vehicle for $21,990 based on the price of the vehicle listed on Motorcars' website. (*Id.* ¶ 15.) Muller further alleges that Motorcars purported to sell him an additional warranty, bringing the "full price" of the vehicle up to $25,880. (*Id.* ¶¶ 16–18.)

According to Muller, Motorcars' computers were "down" during the sale, so Motorcars required him to sign a "Used Vehicle Invoice" on an electronic tablet without permitting him to review the terms of the invoice. (*Id.* ¶¶ 19–21.) As a result, Muller alleges that he did not know that the total price of the vehicle listed on the invoice was $36,854.27, including $29,435 for the vehicle itself and $4,500 for an allegedly "bogus warranty" and additional fees and charges. (*Id.* ¶¶ 22–23.) Muller alleges that, on behalf of TFCU, Motorcars prepared a loan agreement listing the total price, including interest, as $39,869.76. (*Id.* ¶ 25.) According to Muller, Motorcars falsely told Muller "not to 'worry'" about the $39,869.76 amount because it was only a "suggested price" that had no bearing on the deal. (*Id.* ¶¶ 26–28.)

**PROCEDURAL HISTORY**

On March 20, 2020, Muller initiated this action by filing the original complaint. (ECF No. 1.) Motorcars answered the complaint on May 28, 2020. (ECF No. 8.) On June 15, 2020, TFCU filed a letter motion for a pre-motion conference regarding a motion to dismiss all claims against it under Rule 12(b)(6), Fed. R. Civ. P. (ECF No. 9.) On June 22, 2020, Muller responded to the request. (ECF No. 10.)

On July 7, 2020, Muller filed the Amended Complaint against Defendants. (Am. Compl.)

2

The Amended Complaint brings claims against both defendants for violations of the New York Motor Vehicle Retail Instalment Sales Act, New York Personal Property Law § 301, *et seq.* ("MVRISA"), New York General Business Law §§ 349 and 350, and common law fraud, and alleges violations of the TILA and Regulation Z against TFCU. (*See generally*, Am. Compl.)

On July 13, 2020, TFCU filed a second letter requesting a conference regarding an anticipated motion to dismiss all claims against it under Rule 12(b)(6), Fed. R. Civ. P. (ECF No. 14.) On July 20, 2020, Muller filed a response. (ECF No. 15.) On September 2, 2020, District Judge Joan M. Azrack, to whom this case was assigned before it was transferred to my docket, held the requested conference. (Elec. Order, Sept. 2, 2020.)

At the September 25, 2020 conference, Judge Azrack recommended that the case be referred to mediation. (Min. Entry, Sept. 25, 2020.) On October 19, 2020, TFCU agreed to mediation, and the Court referred the case to mediation the following day. (ECF No. 19; Elec. Order, Oct. 20, 2020.) On January 25, 2021, the Court was notified that the mediation was unsuccessful. (Rep., Jan. 25, 2021.)

On February 8, 2021, TFCU answered the Amended Complaint and alleged crossclaims for contribution, indemnification, and contractual indemnification against Motorcars. (Crosscls. ¶¶ 121–26.) On February 10, 2021, Motorcars answered the crossclaims by denying all of the allegations in support of each crossclaim. (Answer to Crosscls. ¶¶ 2–4.)

On February 17, 2021, Judge Azrack ordered the parties to participate in a settlement conference. (Min. Entry, Feb. 17, 2021.) Counsel for all parties participated in a settlement conference with Judge Azrack on June 23, 2021. (Min. Entry, June 23, 2021.) Judge Azrack held a second settlement conference on July 26, 2021, and ordered that the parties complete discovery within six months, referring all discovery matters to Magistrate Judge Anne Y. Shields. (Min. Entry,

July 26, 2021.)

On August 11, 2021, Judge Shields ordered all discovery to be completed by January 26, 2022, and set deadlines to initiate dispositive motion practice and to file the joint proposed pre-trial order. (Elec. Order, Aug. 11, 2021.) On January 17, 2022, the parties submitted a joint motion to extend the discovery deadlines. (ECF No. 33.) On January 18, 2022, Judge Shields granted the motion and extended the deadline to complete discovery to March 13, 2022. (Elec. Order, Jan. 18, 2022.)

On February 16, 2022, then-counsel for Motorcars, Attorney Bruce Minsky, filed a letter seeking a conference in anticipation of a motion to withdraw as counsel. (ECF No. 34.) Judge Shields waived the pre-motion conference requirement and granted counsel leave to file the motion. (Elec. Order, Feb. 16, 2022.) On February 25, 2022, Attorney Minsky filed the motion to withdraw as counsel. (ECF No. 36.) On March 10, 2022, the parties filed a second joint motion to extend the discovery schedule. (ECF No. 38.) The following day, Judge Shields stayed discovery through the hearing on Minsky's motion to withdraw, scheduled for March 28, 2022. (Elec. Order, Mar. 11, 2022.)

On March 28, 2022, Judge Shields held a hearing on the motion to withdraw as counsel and granted the motion. (Elec. Order, Mar. 28, 2022.) Judge Shields reminded Motorcars that a corporate entity is not permitted to proceed pro se in federal litigation and stayed the matter for thirty (30) days to permit Motorcars to obtain new counsel. (Elec. Order, Mar. 28, 2022.) Judge Shields warned Motorcars that failure to timely obtain new counsel or communicate about such a failure may result in a recommendation of an order of default. (*Id.*)

On April 29, 2022, Attorney Murray Honig timely filed a notice of appearance on behalf of Motorcars. (ECF No. 42.)

On June 13, 2022, this matter was reassigned to Magistrate Judge Lee G. Dunst. (Notice,

June 13, 2022.) Judge Dunst ordered the parties to file a joint status report on the nature of the case and the status of discovery and settlement discussions. (Elec. Order, June 21, 2022.) On June 30, 2022, Muller and TFCU filed a status report noting that they had received no answer from Motorcars. (ECF No. 43.) On July 7, 2022, Judge Dunst held a status conference at which counsel for Motorcars did not appear. (ECF No. 44.) Judge Dunst extended the discovery deadline to October 20, 2022, and set deadlines for the initiation of dispositive motion practice and the filing of the joint pretrial order. (*Id.*)

The parties continued to conduct discovery through the end of 2022 and beginning of 2023, including third-party discovery. (*See* ECF Nos. 45–52, 54–55.) On March 3, 2023, TFCU filed a pre-motion conference letter regarding an anticipated motion for summary judgment. (ECF No. 53.) That same day, Attorney Lawton W. Squires filed a notice of appearance on behalf of Motorcars. (ECF No. 57.)

On July 7, 2023, Judge Dunst held a status conference at which the parties confirmed on the record that discovery was complete. (Min. Entry, July 7, 2023.) Judge Dunst ordered the parties to file the proposed joint pre-trial order by September 7, 2023. (*Id.*) Following an extension, the parties timely filed a proposed joint pretrial order on September 28, 2023. (ECF Nos. 61–62; Elec. Order, Sept. 7, 2023.)

On October 10, 2023, this case was reassigned to my docket. (Elec. Order, Oct. 10, 2023.) On November 14, 2023, I denied without prejudice TFCU's request for a conference regarding an anticipated summary judgment motion for failure to file a Local Rule 56.1 Statement of undisputed facts. (Elec. Order, Nov. 14, 2023.) TFCU filed a second request for a conference regarding an anticipated summary judgment motion on November 29, 2023. (ECF No. 66.)

On November 16, 2023, Attorney Squires filed a letter seeking a pre-motion conference in anticipation of a motion to withdraw as counsel for Motorcars. (ECF No. 64.) Judge Dunst ordered responses by November 30, 2023, and ordered a representative of Motorcars to attend a conference on December 4, 2023. (Elec. Order, Nov. 21, 2023.) No Motorcars representative appeared at the December 4, 2023 conference, and Judge Dunst granted Attorney Squire's motion to withdraw as counsel. (ECF No. 68.) Judge Dunst ordered remaining counsel for Motorcars—Attorney Honig— or a representative of Motorcars to submit a letter by December 19, 2023, as to whether it intended to appear in this case. (*Id.*) Judge Dunst directed Muller and TFCU to seek relief from this Court by February 1, 2024, should Motorcars fail to respond. (*Id.*)

Judge Dunst further denied the proposed joint pretrial order without prejudice and held the deadline to refile in abeyance pending Motorcars' December 19, 2023 submission and resolution of TFCU's pending second request for a conference regarding an anticipated summary judgment motion. (*Id.*) Muller responded to TFCU's second request on December 13, 2023. (ECF Nos. 70–71.)

On December 15, 2023, Attorney Honig moved to withdraw as counsel. (ECF No. 72.) Judge Dunst granted the motion on December 18, 2023. (Elec. Order, Dec. 18, 2023.)

Motorcars failed to submit a letter by the December 19, 2023 deadline to advise the Court whether it intends to appear in the case. On February 1, 2024, TFCU filed a request for a certificate of default and a request for a pre-motion conference regarding a motion to strike Motorcars' Answer to TFCU's Crossclaims. (ECF Nos. 74–75.) Muller also requested a certificate of default. (ECF No. 76.) On February 2, 2024, I ordered any responses to the request for a pre-motion conference to be filed by February 9, 2024. (Elec. Order, Feb. 2, 2024.) On February 5, 2024, the Clerk of the Court entered default against Motorcars. (ECF No. 77.)

6

Following the entry of default, I ordered any motion for default judgment to be filed by February 20, 2024. (Elec. Order, Feb. 6, 2024.)

On February 16, 2024, Muller filed a letter asking the Court to adjourn the deadline to file the motion for default judgment *sine die* or to otherwise vacate it until TFCU's liability is resolved. (ECF No. 78.) On February 21, 2024, TFCU filed a letter joining in Muller's request. (ECF No. 79.) On February 23, 2024, I waived the pre-motion conference requirement on TFCU's anticipated motion to strike Motorcars' Answer to its Crossclaims and ordered the following briefing schedule: the motion was due on March 12, 2024; any response by Muller or Motorcars was due on April 2, 2024; and any reply by TFCU was due on April 16, 2024. (Elec. Order, Feb. 23, 2024.) I also held the motion for default judgment deadlines in abeyance until the resolution of the motion to strike. (*Id.*)

On March 12, 2024, TFCU filed the Motion to Strike Motorcars' Answer to TFCU's Crossclaims. (Mot.) TFCU argues that Motorcars' Answer to TFCU's Crossclaims should be stricken under Rule 12(f) because Motorcars is unrepresented and is therefore incapable of introducing any evidence to support its pleadings, including any admissible evidence as required by Rule 12(f). (Mot. at 3–4.)

On June 7, 2024, I noted that no counsel had filed a notice of appearance on behalf of Motorcars since Judge Dunst granted Attorney Honig's motion to withdraw as counsel and reminded Motorcars that a corporation cannot proceed pro se in federal court. (Elec. Order, June 7, 2024.) I warned that failure to obtain counsel may result in dismissal pursuant to Rules 16 and 37, as well as default pursuant to Rule 55, Fed. R. Civ. P. (*Id.*) I also ordered Motorcars to secure counsel and respond to the Motion to Strike Motorcars' Answer to TFCU's Crossclaims by June 14, 2024, or otherwise face dismissal and default. (*Id.*) That date has since passed and Motorcars

7

has neither secured counsel nor responded to the Motion.

## LEGAL STANDARDS

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act sua sponte or on a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "To prevail on a Rule 12(f) motion to strike, the movant must show (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *In re Edgewell Pers. Care Co. Litig.*, No. 16CV3371KAMRLM, 2018 WL 7858623, at *4 (E.D.N.Y. Sept. 4, 2018) (alterations omitted). Although the resolution of a motion to strike is within the district court's discretion, such motions "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011).

## DISCUSSION

### I.     TFCU's Motion Does Not Meet the Requirements of Rule 12(f)

TFCU argues that Motorcars' Answer to TFCU's Crossclaims should be stricken under Rule 12(f) because Motorcars, as an unrepresented corporate entity, will be unable to introduce any evidence in support of its pleading. (Mot. at 3–4.) TFCU asserts that a Rule 12(f) motion to strike matter as impertinent or immaterial "will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." (*Id.* at 3.) Because Motorcars will be

8

unable to introduce any evidence—including any admissible evidence—TFCU argues that Motorcars' Answer should be stricken. (*Id.* at 4.)

As an initial matter, TFCU's Rule 12(f) motion is untimely. Under the rule, a party must make such a motion "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Motorcars filed its Answer on February 10, 2021, more than three years before TFCU filed its Motion on March 12, 2024. (ECF Nos. 22, 81.) It is true that the "authority given the court by the rule to strike an insufficient defense on its own has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper." 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1380 (3d Ed. 2006) (quotation marks omitted); *see also Meisels v. Meisels*, No. 19-CV-4767(EK)(RML), 2021 WL 1924186, at *8 (E.D.N.Y. May 13, 2021) (noting that Rule 12(f) "grants courts discretion to excuse untimely findings" which "[c]ourts frequently do"). But even if I were to consider the substance of TFCU's untimely motion, I would not be persuaded.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). TFCU's Motion does not argue that any part of Motorcars' Answer is insufficient, redundant, immaterial, impertinent, or scandalous. Instead, TFCU argues that because Motorcars is presently unrepresented, it will not be able to present any evidence at all in support of its pleading. (Mot. at 3–4.) This argument does not address the substance of Motorcars' Answer, but rather Motorcars' present status as an unrepresented corporate entity. Were Motorcars to obtain counsel, it would be able to present evidence, some of which may be admissible evidence in support of its

pleading. Because TFCU's argument does not address the substance of Motorcars' pleading, the Court denies its Motion to Strike Motorcars' Answer to its Crossclaims under Rule 12(f).

## II. Striking Motorcars' Answer to the Amended Complaint and Answer to TFCU's Crossclaims is a Just Sanction Under Rule 16(f)

There are, however, other reasons to strike the pleading of an unresponsive party. All litigants are required to comply with court orders. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). A court may strike pleadings sua sponte under Rule 16(f) and Rule 37(b)(2)(A)(iii) against a party that fails to appear at pretrial conferences or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A), 16(f)(1)(C), 37(b)(2)(A)(iii). While district courts have "broad discretion to impose sanctions under Rule 37(b) . . . use of the most severe sanctions should be limited to cases involving willfulness, bad faith, or fault on the part of the non-compliant party." *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19CV6996DLIRER, 2021 WL 6065744, at *2 (E.D.N.Y. Dec. 22, 2021) (quotation marks omitted), *R. & R. adopted sub nom. Gonzalez v. Victoria G's Pizzeria LLC*, No. 19CV06996DLIRER, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022).

To determine whether such sanctions are "just" under Rule 16(f), courts in the Second Circuit look to the following non-exclusive and non-dispositive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Palaghita v. Alkor Capital Corp.*, No. 19CV1504ARRRER, 2021 WL 4464121, at *4, (E.D.N.Y. Aug. 20, 2021) (quoting *Agiwal*, 555 F.3d at 302), *R. & R. adopted*, 2021 WL 446348 (E.D.N.Y. Sept. 29, 2021). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction

10

even when not every factor weighs against the party to be sanctioned." *Aristidou v. Aviation Port Servs., LLC*, No. 18CV4040MKBRER, 2020 WL 10317398, at *12 (E.D.N.Y. Feb. 21, 2020) (granting motion to strike answer as a sanction for incomplete discovery participation), *R. & R. adopted*, 2021 WL 2471269 (E.D.N.Y. June 17, 2021).

Here, each of the above factors weighs in favor of striking both Motorcars' Answer to the Amended Complaint and its Answer to TFCU's Crossclaims as a "just order" under Rule 16(f) for its failure to appear at the December 4, 2023 conference (*see* Elec. Order, Nov. 21, 2023), to comply with the Court's order to submit a letter addressing whether it intends to appear in this case by December 19, 2023 (*see* Min. Entry, Dec. 5, 2023), and to comply with the Court's order to obtain counsel by June 14, 2024 (*see* Elec. Order, June 7, 2024).

First, Motorcars' noncompliance is willful. "Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing." *Liu v. Millenium Motors Sports, LLC*, No. 17CV6438RPKRER, 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020) (collecting cases), *R. & R. adopted sum nom. Xin Hao Lin v. Millenium Motor Sports, LLC*, No. 17CV6438RPKRER, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020). Here, Motorcars failed to appear at the December 4, 2023 conference, and failed to advise the Court by December 19, 2023 as to whether it intended to appear in this action and obtain new counsel by June 14, 2024. (ECF No. 68.) Additionally, Motorcars has failed to provide an explanation as to its failure to participate in this litigation. *See Gonzalez*, 2021 WL 6065744, at *3 (finding defendants' noncompliance willful where they failed to obtain counsel by a court-ordered

11

deadline and failed to appear at court-ordered conferences). Accordingly, this factor weighs in favor of striking both Answers.

Second, it is clear that no lesser sanctions than striking both Answers would be sufficient. "[D]istrict courts are not required to exhaust possible lesser sanctions . . . if such a sanction is appropriate on the overall record." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). And sanctions "are appropriate" where "defendants willfully abandon their defense of the case." *Xin Hao Liu*, 2020 WL 7028924, at *4. Where, as here, a defendant has "willfully abandoned [its] defense, . . . lesser sanctions would not be effective." *Gonzalez*, 2021 WL 6065744, at *3. Accordingly, this factor weighs in favor of striking both Answers.

Third, the period of noncompliance is now seven months from Motorcars' failure to appear at the December 4, 2023 conference before Judge Dunst—the earliest date at which Motorcars failed to respond to this Court's orders. Courts find that noncompliance periods "as brief as a few months weigh in favor of dispositive sanctions and periods of six months or more weigh even more heavily toward such remedies." *Gonzalez*, 2021 WL 6065744, at *3 (alterations omitted). Accordingly, this factor weighs in favor of striking both Answers.

Fourth, Motorcars has been warned of the consequences of noncompliance. On March 28, 2022, on granting Attorney Minsky's motion to withdraw as counsel—the first of several withdrawal motions by counsel for Motorcars—Judge Shields warned Motorcars that a corporate entity cannot proceed unrepresented in federal court and that failure to obtain counsel or explain such failure to the Court may result in a recommendation of an order of default. (Elec. Order, Mar. 28, 2022.) On June 16, 2023, Judge Dunst warned Motorcars that failure to comply with Court orders and deadlines, including the failure to appear for court conferences, may result in

12

sanctions. (Elec. Order, June 16, 2023.) And on June 7, 2024, this Court warned that failure to obtain counsel may result in dismissal pursuant to Rules 16 and 37 and default pursuant to Rule 55, Fed. R. Civ. P. Motorcars' noncompliance has continued despite these repeated warnings. Accordingly, this factor weighs in favor of striking both Answers.

Because each of the above factors weighs in favor of striking Motorcars' Answer to the Amended Complaint and Motorcars' Answer TFCU's Crossclaims, the Court orders that both Answers be stricken.

## CONCLUSION

For the reasons stated above, this Court grants TFCU's Motion to Strike Motorcars' Answer to TFCU's Crossclaims (ECF No. 81) and orders that Motorcars' Answer to TFCU's Crossclaims (ECF No. 22) and Answer to the Amended Complaint (ECF No. 21) be stricken.

Dated: Central Islip, New York
July 16, 2024

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge